**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**HELEN GEARS-PRIBBLE** **PLAINTIFF**

**v.** **NO. 3:26-cv-00022-DPM-PSH**

**SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

On January 15, 2026, plaintiff Helen Gears-Pribble ("Gears-Pribble") began this case with the assistance of counsel and challenged the denial of Gears-Pribble's applications for disability insurance benefits and/or supplemental security income payments. On August 12, 2026, or after the administrative record was filed but before the parties' briefs were filed, counsel for Gears-Pribble filed a motion to withdraw. See Docket Entry 12.[1] Thirteen days later, the undersigned granted counsel's motion and relieved him as the attorney of record in this case. See Docket Entry 13. In the same Order, the undersigned gave Gears-Pribble, now proceeding pro se, an extension of time up to, and including, November 2, 2026, to seek new counsel or file her own brief. November 2, 2026, has now come and gone, and she has not had a new attorney enter an appearance, filed a brief, or requested an extension of time to do one of those two things.

---

[1] Gears-Pribble and counsel had agreed that if Gears-Pribble owed a debt under the Treasury Offset Program, counsel would withdraw from the case. After the case began, counsel learned that Gears-Pribble owed such a debt. Counsel then filed a motion to withdraw. In the motion, he also alleged, in part, the following:

> ... Please be advised that my office made numerous attempts through e-mail and phone calls to contact ... Gears-Pribble about this matter. However, despite our efforts to reach [her], she has not responded or provided any documentation regarding the attempts to resolve her debt...

See Docket Entry 12 at CM/ECF 3.

A federal court is vested with the inherent power to police its docket. As a part of that power, the court may dismiss a case when a party fails to monitor the progress of the case or fails to prosecute or defend it in a timely and diligent manner. See Local Rule 5.5(c).[2]

Gears-Pribble has failed to monitor the progress of this case and has failed to prosecute it in a timely and diligent manner. Having weighed the competing interests, and on the basis of the inherent policing power noted above, the undersigned recommends that her complaint be dismissed without prejudice. A separate judgment should also be entered.

DATED this 5th day of November, 2026.

UNITED STATES MAGISTRATE JUDGE

[2] Local Rule 5.5(c)(2) provides, in full, the following:

It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.